LEVERICH, Curator of the Succession of WALSH, *v.* CITIZENS'
BANK OF LOUISIANA.

A party who asks relief by injunction, against the entire claim of his creditor, should make
such a showing as will distinctly inform the court of the pecuniary extent of his danger.

APPEAL from the Fourth District Court of New Orleans. *Samuel R.*
*Walker*, for plaintiff. *A. Pilot*, for defendant. By the court:

SLIDELL, J.* The bank obtained an order of seizure and sale against certain
shares of bank stock, lands and slaves, belonging to the succession of *Walsh*,
pledged and mortgaged to secure a stock note for $8907 40, made by *Walsh*,
which has been reduced by partial payments. Our impression at the argument
was, that there was hardship in the prosecution of the seizure, under the circum-
stances stated at bar, and that, perhaps, the plaintiff in this suit was entitled to
enjoin. Such may really be the case. But, upon examining the petition for
injunction, we find its averments to be loose, and particularly in this, that there
is nothing in the petition which indicates what is the amount of the tacit incum-
brance which is said to be set up, as a prior burden, superior to the mortgage in
favor of the bank, which latter mortgage *Walsh* appears to have assumed upon
buying the stock, lands, &c. A party who asks relief by an injunction, against
the entire claim of his creditor, should make such a showing as will distinctly
inform the court of the pecuniary extent of his danger; and this is particularly
to be required in this court, where the plaintiff in injunction asks us to disturb
a decree of the district court adverse to his pretensions. Our jurisdiction in this
case is not quite clear.

Judgment affirmed, with costs.

---

*Preston, J.*, did not sit in this case.